**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re:　　　　　　　　　　　)
　　　　　　　　　　　　　　　)　　Case No. 25-22820
JEFFREY STEVEN VANHEE,　　　)　　Case No. 26-20013
　　　　　　　　　　　　　　　)
　　　　　　　Debtor.　　　　　)
—————————————————————————————)

　　　　MEMORANDUM DECISION REGARDING SANCTIONS

Christopher M. Klein, Bankruptcy Judge:

　　This sanctions case is about a lawyer who has filed six bankruptcy cases for one client over a course of 23 months in the face of pending civil litigation, not appeared in proper prosecution of the cases, not appeared at meetings of creditors, not required his debtor client to appear at meetings of creditors, and then upon dismissal filed yet another case.

　　A bankruptcy judge dismissed the third case as a "bad faith" filing. Strike one. Another bankruptcy judge imposed $3,500.00 sanctions in the fourth case after the lawyer did not comply with a $3,500.00 disgorgement order. Strike two.

　　Now the lawyer is before this third bankruptcy judge seeking relief from the $3,500.00 sanction order and defending against this judge's Order to Show Cause re Rule 9011 sanctions.

　　Using a "dog-ate-the-homework" excuse, the lawyer blames his paralegal, partners, bankruptcy trustees, bankruptcy clerks, and then: "I am the victim of my client." Strikes 3, 4, 5, and 6.

　　The motion to vacate the $3,500.00 sanction is DENIED. For violation of Rule 9011(b) in six cases, the lawyer shall pay a penalty into the Court of $15,000.00 per Rule 9011(c)(4)(A)(ii).

Facts

Attorney Joe Laub (California State Bar #141800) practices under the firm name Laub & Laub in South Lake Tahoe, California, and in Reno/Sparks and Carson City, Nevada. The firm's South Lake Tahoe office letterhead lists "Bankruptcy," criminal law, personal injury and workers compensation as practice areas.

Jeffery Steven VanHee is one of Laub's South Lake Tahoe clients. VanHee did business as a licensed contractor under the name VanHee Woodworks.

Laub has been defending VanHee in contractor fraud litigation prosecuted in a California state court: <u>Clement Pimor & Emilie Cappella v. Jeffrey Steven VanHee</u>, El Dorado County, California, Superior Court, No. 23CV0578 (filed 4/19/2023) ("Pimor Action"). A $465,024.84 Default Judgment against VanHee was entered in the Pimor Action by the Superior Court on March 12, 2026, pursuant to an order imposing terminating sanctions against VanHee and VanHee Woodworks as "proper and necessary to redress the Defendant's patent and pervasive abuses of the discovery process and the prejudice to Plaintiffs." Order Imposing Terminating Sanctions. (Dkt. 37 Ex.).

During the pendency of the Pimor Action, Laub filed for VanHee six bankruptcy cases in this Court:

    1. No. 24-20536, filed February 12, 2024, dismissed March 1, 2024, for failure to file required documents.
    2. No. 24-21235, filed March 28, 2024, dismissed July 12, 2024, for not attending meeting of creditors and not making payments under proposed chapter 13 plan.
    3. No. 24-24750, filed October 22, 2024, dismissed December 15, 2024, as a "bad faith" filing.
    4. No. 25-22820, filed June 5, 2025, dismissed June 24, 2025, for failure to file required documents.
    5. No. 25-25524, filed October 7, 2025, dismissed December 8, 2025, for failure to file required documents.

2

6. No. 26-20013, filed January 4, 2026, motion to dismiss for not attending meeting of creditors (Dkt. 30) pending.

In the third of the six cases, now-retired Bankruptcy Judge Sargis granted the Pimor Action creditors' motion to dismiss, making the following ruling:

> The court finds all four factors of Leavitt [v. Soto (In re Leavitt), 171 F.3d 1219,1224 (9th Cir. 1999)] of bad faith are present here. Debtor's history of filing three cases in this year alone, frustrating the prosecution of the state Court Litigation, amounts to unfairly manipulating the Bankruptcy Code. There have been no realistic efforts to pursue these cases, and yet they have come in close succession all while the State Court Litigation is being frustrated.
> The Debtor's history of filings and dismissal clearly points toward this being a bad faith filing for the same reasons mentioned above.
> Again, these three cases tend to support a finding that the filings have been intended solely to defeat state court litigation.
> Finally, the facts could support a finding that Debtor has been committing egregious behavior by abusing the Bankruptcy Code and filing cases without any real attempt to prosecute these cases.

Civil Minute Order, No. 2024-24750, 12/10/2024 (Dkt. 44).

Laub did not take the hint from Bankruptcy Judge Sargis that he was cruising in dangerous waters.

Instead of taking the hint, Laub filed Case No. 25-22820 on June 5, 2025. It was dismissed June 24, 2025, for failure to file documents.

But that was not the end of the matter because now-retired Bankruptcy Judge Clement, to whom the fourth case was assigned, reviewed the record, noted Laub's declaration under penalty of perjury that he had received $3,500.00 to represent VanHee, ordered that Laub disgorge $3,500.00 to VanHee pursuant to 11 U.S.C. § 329, file a declaration not later than November 10, 2025, verifying compliance with the order, and set a hearing for

3

November 17, 2025, requiring Laub to appear, either in person or remotely to demonstrate compliance.

Laub stiffed Judge Clement. Laub did not respond. He did not attempt to explain the situation or explain how the $3,500.00 had been handled within the Laub & Laub firm. Accordingly, Judge Clement sanctioned Laub personally in the amount of $3,500.00, required that payment be remitted to the court, and ordered Laub to report the sanctions to the State Bar of California, as required by California Business & Profession Code § 6068(o)(3). Laub did not appeal. That sanctions order is now final.

There is pending the chapter 7 trustee's motion to dismiss this, the sixth case, for not filing required information and not appearing at the meeting of creditors.

A nondischargeability adversary proceeding has been filed by the judgment creditors in the Pimor Action, who have opposed dismissal unless such dismissal is, pursuant to 11 U.S.C. § 349(a), accompanied by a multi-year bar to filing.

Faced with this record, in case number six, this Court issued an Order to Show Cause under Rule 9011(c)(3) describing the conduct that appears to violate Rule 9011(b) and directing Joe Laub and Laub & Laub to show cause why it has not been violated.

I

$3,500.00 Sanctions Order

Laub misconstrues Judge Clement's sanctions order by thinking that a belated explanation of how funds were handled within Laub & Laub in connection with the representation of

4

VanHee in multiple cases suffices to obviate the sanction.

However, the § 329 disgorgement order has ceased to be relevant.

What is relevant is that Laub did not comply with Judge Clement's duly issued and served order requiring Laub: (1) to file a declaration by a date certain regarding his compliance with the § 329 disgorgement order; and (2) to appear before Judge Clement at a time and date certain either in person or remotely.

Laub's excuse for stiffing Judge Clement that he was on vacation is not satisfactory. He has a professional responsibility duty to assure that his mail and messages were addressed by someone. The order was correctly served by the Court's electronic means to which Laub and the firm of Laub & Laub subscribe. The firm has multiple lawyers and staff members who should have been available to address the situation by, at the very least, requesting an extension of time.

The $3,500.00 sanction is for disobeying Judge Clement's order to file something by a date certain and to show up at a date and time certain. Internal disorganization within Laub & Laub is no excuse. A vacation is no excuse.

The judges in this district do not, when asked, unreasonably refuse to accommodate counsel's schedules.

But counsel who, without reasonable excuse, ignore orders from judges should not be surprised by a sanction order.

Hence, the motion to reconsider and vacate the $3,500 sanction motion will be denied.

5

II

Rule 9011 Violations

Laub's signature on each of the six petitions certified that it was not presented for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs." Fed. R. Bankr. P. 9011(b)(1).

It is beyond cavil that each of the six petitions was filed in the midst of events in the Pimor Action in state court in which VanHee was being sued on theories sounding in licensed contractor fraud in which civil action Laub was defending VanHee.

It is also plain that the filings triggered automatic stays that created unnecessary delay and needlessly increased litigation cost as Laub and VanHee exploited the bankruptcy cases to dodge and delay discovery. Any seasoned litigation lawyer well understands the use of bankruptcy to wage a campaign of delay. Laub is no exception.

The Pimor Action was filed in El Dorado County Superior Court on April 19, 2023. All six bankruptcy petitions were filed between the commencement of the Pimor Action and the entry of Default Judgment on March 12, 2026.

The plaintiffs in the Pimor Action have documented the unnecessarily expensive litigation merry-go-round propelled by Laub's six bankruptcy filings. (Dkt. 37 Exs.).

The Default Judgment's components imposed pursuant to the State Court's terminating sanctions include: Damages, $267,427.78; Punitive Damages, $87,239.58; Prejudgment interest at 7%, $62,600.18; Attorney fees, $43,650.00; Costs, $4,107.30. Along the way, Laub and VanHee incurred State Court discovery

6

abuse sanctions in the form of shifting attorney's fees for at least $5,104.59.

Each bankruptcy case filing necessarily increased the attorney's fees incurred by the Pimor Action plaintiffs, lengthened accrual of prejudgment interest, and increased the probability of an award of punitive damages.

Judge Sargis specifically ruled, in the course of dismissing VanHee's third case as a bad faith filing: "The Debtor's history of filing three cases in this year alone, frustrating the prosecution of the state Court Litigation, amounts to unfairly manipulating the Bankruptcy Code."

Nothing about the three cases that Laub filed subsequent to the dismissal of the third case for bad faith alters this Court's view that Judge Sargis was correct.

This Court is mindful that Laub has explained that VanHee suffered a cascade of personal catastrophes during the period of the Pimor Action. VanHee was plagued by other litigation, break-up of the marital community into a hostile divorce proceeding in which Laub represented VanHee, increased housing costs attendant to expulsion from the marital home, child custody issues, suspension by the California State Contractor's License Board, and the failure of his business.

Laub has told this Court that everything VanHee and Laub did was done in good faith. Other than that conclusory statement, he has provided no evidence tending to show good faith. Laub ignored the effect of Judge Sargis' determination in No. 2024-24750 and continued to ignore the effect of that determination in the three subsequent bankruptcy filings. Nothing in the record other than

Laub's "trust-me-I'm-a-lawyer" unsworn assertion supports that proposition.

Laub has the burden to persuade this Court that his activities and VanHee's bankruptcy activities were done in good faith. He has not succeeded in carrying that burden. To the contrary, this Court finds that bad faith permeates this record.

While VanHee may genuinely need a fresh start and debt forgiveness in light of his multiple personal catastrophes, that result must be obtained by way of a good faith effort to comply with <u>all</u> requirements of a debtor that are necessary to obtain a bankruptcy discharge. He has not heretofore done so. Laub has only made things worse.

III

Laub has ignored the scope of representation requirements imposed by Local Bankruptcy Rule 2017-1. And, he ignored the scope of his own representation undertakings as stated in his Disclosure of Compensation.

Laub's signatures on each the petitions constituted "an appearance for all purposes" in the case other than adversary proceedings. Local Bankr. Rule 2017-1(a)(1) & (b)(2)(A).

In each of the six cases Laub filed a disclosure of compensation that included the following agreed-upon services: "Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof." Yet, Laub has not attended meetings of creditors.

Laub cannot withdraw from representation or decline to act on behalf of the client without complying with the Local Rule

8

withdrawal requirements. Local Bankr. Rule 2017-1(a)(2).

As an attorney who entered an appearance, he may not withdraw leaving the client in propria persona without leave of court upon noticed motion and must comply with the withdrawal requirements of the Rules of Professional Conduct of the State Bar of California. Local Bankr. Rule 2017-1(e).

By repeatedly absenting himself from meetings of creditors, Laub in effect was abandoning his client without leave of court. However, as attorney of record, his authority and duty continues until relieved by order of court. Local Bankr. Rule 2017-1(e).

Those violations inform this Court's assessment of what sanctions will "suffice to deter repetition of the conduct or deter comparable conduct by others similarly situated" within the meaning of Rule 9011(c)(4)(A).

IV

Rule 9011 Sanctions

This Court is persuaded that a nonmonetary directive to Laub will fall on deaf ears.

In view of the egregious nature of the six bad faith bankruptcy case filings that propelled the litigation merry-go-round in El Dorado County Superior Court it is appropriate for this Court to exercise its discretion to require that Laub and the Laub & Laub law firm pay a penalty into court.

Since each filing was in bad faith and since each exacerbated the Rule 11 violation, an increasing scale will serve the interests of deterring repetition by Laub and deter others tempted for similar repeat filing strategies: first case, one

free bite; second case, $1,000.00; third case, $2,000.00; fourth case, $3,000.00; fifth case, $4,000.00; sixth case, $5,000.00. The total is $15,000.00.

***

This Court does not doubt that VanHee is in desperate straits, inundated with trouble: divorce, child custody battles, extra housing costs, business failure, and suspension of contractor's license.

Laub says he "is the victim of his client." To the contrary, Laub's strategy of interposing multiple bad faith bankruptcies in order to delay and obstruct nonbankruptcy litigation, victimized his client.

IT IS ORDERED THAT Joe M. Laub, California State Bar No. 141800, and the law firm Laub & Laub are jointly liable to pay a penalty into Court in an amount of $15,000.00 as a sanction for multiple violations of Federal Rule of Bankruptcy Procedure 9011(b);

IT IS FURTHER ORDERED THAT Joe M. Laub and/or the law firm of Laub & Laub shall no later than June 30, 2026, remit payment totaling $15,000.00 in a check payable to "Clerk, U.S. Bankruptcy Court" and delivered to the Clerk, U.S. Bankruptcy Court, Eastern District of California, 501 Street, Suite 3200, Sacramento, California 95814;

IT IS FURTHER ORDERED THAT Joe M. Laub and/or the law firm of Laub & Laub shall indicate on the check or checks, or in an accompanying letter, the words "Sanction Due" and state the case Numbers 2025-22820 and 2026-20013;

10

IT IS FURTHER ORDERED THAT the Motion for Relief from the Order of Sanctions in the amount of $3,500.00 against Joe M. Laub in Case No. 2025-22820 is DENIED. That Order of Sanctions remains in full force and is in addition to the aforesaid $15,000.00. If not previously paid, it shall be paid in a Check payable to the Clerk, U.S. Bankruptcy Court, and delivered to U.S. Bankruptcy Court, Eastern District of California  501 Street, Suite 3200, Sacramento, California 95814, with notation on the check, or in a letter accompanying the check, "Sanction Due" and state Case No. 2025-22820;

IT IS FURTHER ORDERED THAT Joe M. Laub shall report both sanctions, i.e., $3,500.00 and $15,000.00, to the State Bar of California, as required by California Business & Professions Code § 6068(o)(3);

IT IS FURTHER ORDERED THAT two separate judgments in favor of the Clerk, U.S. Bankruptcy Court for deposit with Treasurer of the United States for $3,500.00 in Case No. 2025-22820 and for $15,000.00 in Case No. 2026-20013, respectively, shall be entered, one in each case, and may be collected by the United States by any legal means if not paid by June 30, 2026.

Dated: May 12, 2026

_____
United States Bankruptcy Judge

11

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Jeffrey Steven VanHee
1584 Sitka Circle
South Lake Tahoe, CA 96150

Joe M Laub
Law Offices of Laub & Laub
1148 Ski Run Blvd.
South Lake Tahoe, CA 96150

Peter L. Fear
PO Box 28490
Fresno, CA 93729

Christopher D. Crowell
Frandzell Robins Bloom & Csato, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, CA 90017-2427

Shannon Doyle
Ghidotti Berger LLP
1920 Old Tustin Ave.
Santa Ana, CA 92705

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814